NOT DESIGNATED FOR PUBLICATION

No. 122,435

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KEVIN TAMAR DAVIS,
*Appellant*,

v.

DAN SCHNURR,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed December 4, 2020. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Jon D. Graves*, legal counsel, Kansas Department of Corrections, for appellee.

Before HILL, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Kevin Davis—who is a convicted sex offender incarcerated at the Hutchison Correctional Facility (HCF)—appeals the district court's dismissal of his K.S.A. 60-1501 petition. He filed the petition after the Kansas Department of Corrections (KDOC) denied his grievance relating to the prison's visitation policy. On appeal, Davis contends that the district court erred in dismissing his petition because the visitation policy violates his equal protection rights and it constitutes a hate crime for prison authorities to treat him differently than other inmates because of his status as a sex offender. Based on our review of the record, we do not find Davis' arguments to be persuasive. Thus, we affirm.

1

On July 8, 2015, Davis was convicted of two counts of aggravated indecent liberties with a child less than 14 years of age. As a result, the district court ordered him into the custody of the KDOC to serve his sentence. At all times relevant to this K.S.A. 60-1501 action, Davis was incarcerated at the HCF. On May 1, 2018, Davis filed a grievance against the prison because he was required to be segregated from other inmates during visitation.

Due to Davis' status as a sex offender, KDOC manages him under DOC Internal Management Policy and Procedure (IMPP) 11-115A. Moreover, he is subject to HCF General Order 16-101(X)(B) of the facility, which states that "[o]ffenders managed as Sex Offenders shall visit in an area at each HCF facility designated by the Warden." In his grievance, Davis claimed that HCF violated his equal protection rights by treating sex offenders differently from other inmates. Specifically, he claimed there is no penological objective for the sex offender visitation policy. He also argued that HCF's enforcement of the policy constituted a hate crime against those convicted as sex offenders.

In response to Davis' grievance, HCF asserted that there is an important penological objective directly related to the maintenance of security in designating a specific seating area for inmates managed as sex offenders pursuant to IMPP 11-115A. In particular, HCF claimed that the visitation policy is intended to ensure the safety and security of members of the public that come into the facility for visitation by placing the sex offenders in a place that is highly visible to corrections officers. In addition, HCF noted that 18 U.S.C. § 249 (2018)—the federal hate crime statute—does not include those convicted of sex crimes as protected persons.

After losing his grievance before the warden of HCF, Davis appealed to the Secretary of Corrections. Once again, he asserted that the visitation policy violated his

2

rights to equal protection and constituted a hate crime. On May 24, 2018, the Secretary of Corrections—through his designee—concluded that Davis had not shown a violation of his equal protection rights nor had he shown that he was the victim of a hate crime.

On June 18, 2018, Davis filed a pro se K.S.A. 60-1501 petition against HCF's warden in the district court in which he claimed that "invidious discrimination inter alia, has/is occurring in Reno County." On the face of his petition, Davis did not allege any facts or include any arguments under the heading "ARGUMENTS & FACTS" other than stating that documents were attached. Accordingly, Davis attached 21 pages of documents which primarily include items relating to his grievance and the procedural history prior to seeking judicial relief. However, Davis provided no facts in support of his claim, and he made no specific request for relief.

In response to the K.S.A. 60-1501 petition, HCF filed a motion to dismiss or, in the alternative, to strike. In particular, HCF argued that the petition was vague and did not state a claim upon which relief could be granted. HCF also noted that although Davis had claimed to have done so, it was unclear whether he had actually exhausted his administrative remedies.

The district court held a hearing on August 1, 2018. At the hearing, HCF suggested that Davis was complaining about being treated differently as a sex offender from other inmates during visitation. In turn, HCF argued that because IMPP 11-115A governs the management of sex offenders in prison, Davis should have gone through an override process before filing his K.S.A. 60-1501 petition and had failed to do so. Likewise, HCF argued that Davis presented no facts and or argument within his petition to support a claim upon which relief could be granted.

Davis advised the district court that he did not seek an override of his status under IMPP 11-115A because he did not need an override to visit with adults. Rather, he argued

3

that "I'm here today because I would like to have visits but I'm not going to sit inside of [designated area] where I'm sectioned off where people pointing fingers at me and causing me problems." At the end of the hearing, the district court determined that Davis' K.S.A. 60-1501 petition contained conclusory allegations without any facts to support a violation of his rights.

In a journal entry filed on October 1, 2018, the district court summarized that Davis was complaining about sex offenders being "isolated in the non-contact visitation booth area [at HCF] where other inmates can see him and also that [he] can't freely roam around the visiting room." After considering his arguments, the district court concluded that Davis had failed to state a claim upon which relief can be granted and dismissed his K.S.A. 60-1501 petition. Thereafter, Davis filed a timely notice of appeal.

ANALYSIS

On appeal, Davis contends that the district court erred in dismissing his K.S.A. 60-1501 petition. In response, HCF claims that we should affirm the district court's dismissal of the petition. Specifically, HCF argues that Davis has failed to show that he exhausted his administrative remedies; that he failed to state a claim upon which relief can be granted; and that the restriction placed on sex offenders during visitation is valid because it is reasonably related to penological interests of protecting members of the public who visit HCF.

K.S.A. 2019 Supp. 60-1501(a) provides that "any person in this state who is detained, confined or restrained of liberty on any pretense whatsoever . . . may prosecute a writ of habeas corpus in the supreme court, court of appeals or the district court of the county in which such restraint is taking place." Accordingly, a person involuntarily confined in the KDOC may petition the court under K.S.A. 60-1501 for a declaration that his or her constitutional rights are being violated. To avoid dismissal of his or her K.S.A.

4

60-1501 petition, an inmate must allege either: (1) shocking or intolerable conduct; or (2) continuing mistreatment of a constitutional stature. *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009); *White v. Shipman*, 54 Kan. App. 2d 84, 90, 396 P.3d 1250 (2017).

"[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then dismissal is proper. *Johnson*, 289 Kan. at 648-49; see K.S.A. 2019 Supp. 60-1503(a). On appeal, we exercise unlimited review of a dismissal of a K.S.A. 60-1501 petition. *Johnson*, 289 Kan. at 248-49. Our task is to determine if the facts alleged in the petition—and reasonable inferences derived from those facts—state a claim for relief. See *Schuyler v. Roberts*, 285 Kan. 677, 679, 175 P.3d 259 (2008).

The United States Supreme Court has declared that a prison inmate retains constitutional rights that are consistent with the status of a prisoner and with the legitimate penological objectives of the corrections system. *Shaw v. Murphy*, 532 U.S. 223, 229, 121 S. Ct. 1475, 149 L. Ed. 2d 420 (2001) (quoting *Pell v. Procunier*, 417 U.S. 817, 822, 94 S. Ct. 2800, 41 L. Ed. 2d 495 [1974]); *Washington v. Werholtz*, 40 Kan. App. 2d 860, 863-84, 197 P.3d 843 (2008). Consequently, the constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large. *Shaw*, 532 U.S. at 229. When a prisoner challenges a prison regulation's impingement upon his or her constitutional rights, a court analyzes the validity of the regulation under the rational basis test to determine if it is "'reasonably related to legitimate penological interests.' [Citation omitted.]" *Pool v. McKune*, 267 Kan. 797, 804, 987 P.2d 1073 (1999).

Before addressing the specific arguments presented by the parties, it is important to recognize that the problems faced by prison officials are often complex and courts are

5

particularly "'ill equipped'" to deal with these complexities. As a result, the United States Supreme Court suggests that we should give deference to the judgments of prison officials in upholding the regulations against constitutional challenges. *Shaw*, 532 U.S. at 229. Ultimately, it is prison officials—not courts—who remain the primary arbiters of the problems that arise in prison management. 532 U.S. at 230.

At the outset, HCF contends that due to the inadequacy of Davis' K.S.A. 60-1501 petition, he has failed to show that he has exhausted his administrative remedies as required by K.S.A. 2019 Supp. 60-1501 and K.S.A. 75-52,138. K.S.A. 2019 Supp. 60-1501(b) provides that an inmate challenging an action taken against him or her must do so "within 30 days from the date the action [becomes] final." Although this deadline is extended while the inmate attempts to exhaust his or her administrative remedies, an inmate's failure to file a K.S.A. 60-1501 petition in a timely manner is barred from pursuing his or her claims. See *Sperry v. McKune*, 305 Kan. 469, 482-83, 384 P.3d 1003 (2016).

HCF suggests that it is unclear what Davis is challenging. Although we agree that the K.S.A. 60-1501 petition is difficult to follow because Davis simply attached documents instead of setting forth factual allegations or legal arguments, Davis clarified at the hearing on the motion to dismiss that his complaint is restricted to his grievance based on HCF's visitation policy. So, to the extent that Davis is challenging the visitation policy rather than his overall management as a sex offender, we agree that he has adequately exhausted his administrative remedies. Thus, we will consider Davis' arguments relating to the visitation policy for sex offenders at HCF—as set forth in HCF General Order 16-101(X)(B)—on the merits.

Turning to the question of whether the district court erred in dismissing Davis' K.S.A. 60-1501 petition for failure to state a claim upon which relief can be granted, we look to K.S.A. 2019 Supp. 60-212(b)(6). A district court considering a motion to dismiss

filed under K.S.A. 2019 Supp. 60-212(b)(6) must decide the motion from the well-pleaded facts of the petition. Under K.S.A. 2019 Supp. 60-210(c), written documents attached as an exhibit to a pleading are to be considered when ruling on a motion to dismiss. See *Sperry*, 305 Kan. at 469, Syl. ¶¶ 1, 2. "Whether a district court erred by granting a motion to dismiss for failure to state a claim is a question of law subject to unlimited review." *Cohen v. Battaglia*, 296 Kan. 542, 545-46, 293 P.3d 752 (2013).

After reviewing the K.S.A. 60-1501 petition filed by Davis and the documents attached to it, we agree with the district court that Davis has failed to state a claim upon which relief can be granted. The documents attached to the petition show that Davis is challenging HCF's visitation policy for sex offenders as set forth in HCF General Order 16-101(X)(B). However, they do not allege any facts to establish how the policy affects Davis. Rather, the documents simply suggest that the policy could impact him because he might have visitors in the future.

In other words, Davis does not allege facts to show that he has actually been subjected to the policy nor does he claim that he has suffered a cognizable injury. A cognizable injury is an "injury in fact," or one that is concrete, particularized, actual, or imminent. See *Gannon v. State*, 298 Kan. 1107, 1123, 319 P.3d 1196 (2014). Davis does not allege that he has had a visitor or that he has ever been segregated from other inmates as a result of HCF's sex offender visitation policy. Likewise, he does not allege that such a visit is imminent.

Under these circumstances, we find that Davis has failed to allege a violation of his rights of a constitutional stature. Likewise, we find that Davis did not ask for any specific form of relief in his K.S.A. 60-1501 petition. Instead, he generally seeks "locus poenitentiae" or penance from HCF and other unspecified relief. Because Davis did not allege any facts or legal argument in support of his challenge to the visitation policy—

and failed to request specific relief—we conclude that Davis has not stated a claim upon which relief can be granted.

We pause to note that Davis does not dispute that he is designated by HCF as an inmate managed as a sex offender under IMPP 11-115A. Likewise, he concedes that he has taken no action to override that designation. On appeal, Davis' complaint is focused on HCF General Order 16-101(X)(B), which regulates sex offender visitation.

In Kansas, properly promulgated administrative regulations have the force and effect of law. See K.S.A. 77-425. Moreover, we presume that administrative regulations are valid, and one who challenges them has the burden of showing their invalidity. *Mitchell v. Petsmart, Inc.*, 291 Kan. 153, 168, 239 P.3d 51 (2010). The constitutionality of an administrative regulation is subject to unlimited review. Moreover, we may grant relief only if the regulation is unconstitutional on its face or as applied. *In re Property Valuation Appeals of Various Applicants*, 298 Kan. 439, 447, 313 P.3d 789 (2013).

In *Turner v. Safley*, 482 U.S. 78, 89-91, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987), the United States Supreme Court set forth four factors to consider in evaluating the reasonableness of a regulation. Those factors were summarized by another panel of this court:

> "(1) whether a valid and rational connection exists between the regulation and a legitimate governmental interest, (2) whether an alternative means of exercising the constitutional right at issue remains available to inmates, (3) the impact of accommodation of the asserted right upon guards, other inmates, and the allocation of prison resources, and (4) the absence of ready alternatives to the course of action taken in the regulation. [Citation omitted.]" *Washington*, 40 Kan. App. 2d at 863.

Reviewing the four factors set forth in *Turner*, we find that HCF General Order 16-101(X)(B)—which provides that sex offenders shall have visitation in an area

designated by the HCF warden—has a valid and rational connection with the legitimate penological objective. See *Pool*, 267 Kan. at 804; *Chubb v. Sullivan*, 50 Kan. App. 2d 419, Syl. ¶¶ 8, 9, 330 P.3d 423 (2014) (finding no constitutional liberty interest in restricting visitation). In particular, we find that HCF has a legitimate interest in protecting members of the general public who visit the prison as well as in protecting other inmates. Accordingly, we conclude that Davis has failed to allege shocking or intolerable conduct, nor has he alleged continuing mistreatment of a constitutional stature. *Johnson*, 289 Kan. at 648-49.

We, therefore, conclude that the district court's dismissal of Davis' K.S.A. 60-1501 petition should be affirmed.

Affirmed.